(49 Misc. Rep. 123)

## SCHARNDORF v. ALTEN.

(Supreme Court, Appellate Term. December 28, 1905.)

1. AUCTION SALE—PROPERTY INCLUDED—EVIDENCE.

Evidence *held* to support a finding that a model typewriter was included in an auction sale of unassembled parts of typewriters.

2. TROVER AND CONVERSION—DAMAGES—EXCESSIVE DAMAGES.

In an action for conversion for failure to deliver a completed typewriter called a "Model" bought together with unassembled parts designed to make up such machines, a witness testified that the reasonable value of the model was $50, and that to build a model would cost $2,000 or $3,000. It did not appear that the model would have any special value to the purchaser. It was shown that an identical machine had been sold for about $3. *Held*, that a verdict of $1,500 was excessive.

MacLean, J., dissenting.

Appeal from City Court of New York, Trial Term.

Action by Alfred Scharndorf against Lee Alten. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE, and MacLEAN, JJ.

Steuer & Hoffman, for appellant.

Bogart & Bogart, for respondent.

SCOTT, P. J. The plaintiff's assignor purchased at auction a great quantity of unassembled parts designed to make up some 300 typewriters. There was on exhibition at the time of the sale one completed typewriter called throughout the case the "Model." It appears that it was one of three models made up some time previously. After the sale the defendant, who was apparently the person for whom the sale was made took possession of the model. Plaintiff's assignor, claiming that it was included in his purchase, demanded its delivery to him, and this being refused, assigned to, plaintiff who now sues for damages for the conversion. It seems to have been conceded at the trial that the main question to be determined was whether or not the model was included in the sale, and upon this issue the jury found in favor of the plaintiff, although the evidence was of the slightest. The auctioneer and his partner swore positively that it was not sold or offered for sale. The catalogue of the goods to be sold does not include it, nor does the bill furnished to plaintiff's assignor. The owner of the patents for the machine, apparently disinterested, swore that the model belonged to him, and had been loaned to be exhibited at the sale, but not to be sold. In view of this testimony, I should be disposed to consider the verdict as contrary to the evidence were it not for the fact that there was evidence that at the sale defend-

ant had urged plaintiff's assignor to buy the plant, and had stated to him then that the model was included. The defendant did not deny this statement, and no explanation was given why he was not called to the stand. The jury were justified in believing that he did make the statement, and also in believing that plaintiff's assignor relied upon it in buying the property. If this were so the defendant could not now be heard to deny that the model was included in the sale. On the question of damages, however, it seems to me that the verdict cannot be upheld. Practically the only testimony that can in any way be said to sustain the verdict is that given by one Uhlig, the inventor of the machine, who was at the time of the trial in the employ of plaintiff's assignor, and who had been active in procuring evidence in plaintiff's behalf. He testified that it had cost $9,000 to make up the three models. He was then asked, and testified as follows:

"Q. What is the reasonable value of this particular model—not what it cost you or the concern? A. Fifty dollars. Q. Of a model, I said? A. Two or three thousand dollars. To build a model it will cost two or three thousand dollars."

It seems to be clear that the witness arrived at these two widely divergent estimates of value from quite different standpoints. Treated simply as a typewriting machine, he put its value at $50. Considered as a model to be used in assembling parts into a completed machine, he gave it a very much larger value. It seems to me that in this action the latter valuation should not be accepted as the measure of damages. It is undoubtedly true that the plaintiff in such an action is entitled to recover the value of the chattels to him, and is not necessarily limited to the market value. But if the chattel which has been converted had an especial and peculiar value to the plaintiff, much above its value treated merely as a machine without reference to its use the facts establishing that special and peculiar value, and the value itself should be shown. These facts were not shown in the present case. Apart from its value regarded merely as a typewriting machine, we may perhaps conjecture that it would have an especial and peculiar value to the purchaser of the unassembled parts as a model or guide to the assembling of the parts into completed instruments. It does not appear that it had any especial value to plaintiff's assignor for this purpose, and it may well be that it possessed no such value to him at all, for he had taken into his employ the inventor of the machine who, it may be assumed, did not require a model in order to assemble the parts. Treated merely as a machine, without regard to its possible use as a model, the highest estimate placed upon its value was $50, and it was shown that the identical machine had been bought at auction for $3 or $3.50.

I think that the evidence on the subject of damages was entirely insufficient to support the verdict, and for this reason the judgment should be reversed, and a new trial granted, with costs to appellant to abide the result.

GILDERSLEEVE, J., concurs.

MacLEAN, J. (dissenting). It is in evidence, that at an auction had on defendant's premises the plaintiff's assignor bid in, among other things, the lot 349 described as "entire Secretary Typewriter plant, with all dies, jigs, etc., about 360 sets, about 500 boxes of parts, about 1,000 bases, covers, and partly finished typewriters"; that in the bill which he paid was an item, "349 Typewriter plant complete $1,750"; that in the printed list of circular of the sale issued by the defendant was itemized "complete typewriter plant including about 300 sets of dies, consisting of the Secretary Typewriter, a machine which embodies the greatest perfection in typewriter building. * * * The construction is most marvelous and simplest of its kind. The machine has not been placed on the market as yet"; that in the announcement of the sale the auctioneer said he would sell a typewriter and the entire plant, "you see it on the table," including the model that belonged with the parts; and that after the sale was over, the defendant carried away the typewriter saying it belonged to him; that he was the owner of it; that afterward the plaintiff's assignor was told, "pay your bill," and that the defendant gave his word of honor the plaintiff's assignor would receive the machine, upon which statement the checks for over $4,000 were given, but the defendant refused to deliver the machine; that the moneys paid by the plaintiff's assignor in checks were turned over by the auctioneer to the defendant, in whose behalf the auctioneer testified that he did not say that the model machine was part of the plant; and that one Adams testified that the machine had been purchased by him before and that he merely loaned it for exhibition. This and like evidence prompted the court, during the defendant's side of the case, to remark that the only question to go to the jury was whether the model was included in the typewriter plant, and the defendant's counsel to reply, "Yes; the only question to go to the jury is whether this model typewriter went with the other property that was sold." Upon a verdict adverse, judgment went against the defendant, whose counsel now insists that the action was improperly for conversion because the machine concededly belonged to another; and that the verdict of $1,500 is grossly excessive, no market value having been shown. It may well be, however, that the testimony of the alleged purchaser, certainly interested in the outcome of the action, was not credited by the jury and that the jury found that to a purchaser to whom, however skilled in mechanics the putting together of the vast number of separate parts would be more than a puzzle; a single model machine, already assembled, would be of the value, testified to in the case, of $3,000.

Lastly, it is urged that the verdict is grossly against the weight of evidence, although the defendant fortified the case against himself by his failure to go upon the stand, or to call his foreman to contradict the testimony of the plaintiff and his witnesses upon the one chief issue of fact in the case.

The judgment should be affirmed, with costs.